United States District Court
Southern District of Texas
**ENTERED**
April 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAWN MACHO, <br> SPN 02828267, <br><br> Plaintiff, <br><br> VS. <br><br> F PATTERSON, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 4:22-CV-00739 |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

At the time Plaintiff Shawn Macho (SPN 02828267) filed this *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, he was confined at the Harris County Jail. *See* Doc. No. 1. On March 9, 2022, the Court sent a "Notice of Case Filing" to Macho that was returned to the Court as undeliverable with a notation that Macho was no longer in custody of the Harris County Sheriff's Office. *See* Doc. No. 3. The Court also sent Macho a "Notice of Deficient Pleading," notifying him that he must either pay the $402.00 filing fee or submit a properly supported motion for leave to proceed *in forma pauperis* with a copy of his inmate trust fund account statement or institutional equivalent. *See* Doc. No. 4. That Notice was also returned as undeliverable.

Macho has not updated his address to provide the Court with a current, valid address as required by Rule 83.4 of the Local Rules for the Southern District of Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Clerk advised in

writing of his current address. The Court will only send notices to the address on file. Macho has clearly failed to provide the Court with an accurate, current address.

The plaintiff's failure to pursue this action leads the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

The plaintiff is advised, however, that relief from this order may be granted upon a proper showing in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. A proper showing includes, at minimum, full compliance with the Court's previous instructions and orders, including providing a current, valid address and paying the filing fee or submitting a motion for leave to proceed *in forma pauperis* as instructed.

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED** without prejudice for want of prosecution.

2. All pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this ___5th___ day of April 2022.

                                        ANDREW S. HANEN
                                   UNITED STATES DISTRICT JUDGE